PUERTO RICO LABOR RELATIONS BOARD, ETC., Petitioner, *v.* LONG CONSTRUCTION COMPANY, Respondent. THE SAME, Petitioner, *v.* THE SAME, Respondent.

Nos. 29–30.  Argued February 1, 1952.—Decided March 24, 1952.

*Víctor Gutiérrez Franqui, Attorney General, A. Torres Braschi, Assistant Attorney General, Hiram R. Cancio, Ramón Acevedo Oliveras,* and *Ramón Olivo Nieves,* for petitioner. *Francisco Ponsa Feliú* and *Mario Canales Delgado* for respondent.

MR. JUSTICE MARRERO delivered the opinion of the Court.

Pursuant to the provisions of § 9 (2) (c) of Act No. 130 of May 8, 1945 (Sess. Laws, p. 406), as amended by Act No. 6 of March 7, 1946 (Sess. Laws, pp. 18, 44)[1], the Puerto Rico Labor Relations Board in the name of the Unión Núm. 1 de Trabajadores de la Construcción de Puerto Rico, affiliated with the Unidad General de Trabajadores de Puerto Rico, filed in this Court a petition to enforce the arbitration awards issued on February 14, 1950, and July 5, 1949, respectively, in the above-entitled cases. The gist of the petition in the former case is that prior to May 30, 1949, the masons working for Long Construction Company, hereinafter referred to as the Company, in the Puerto Nuevo development project, were suspended because of lack of cement; that said day the Company asked the Union to instruct the laborers, provided that it received cement, to come back to work on May 31 at 7:00 a.m.; that availing itself of a radio announcement the Union informed this to its members, the workmen returning to work the following morning, but for certain reasons the masons working under the orders of the foremen who are

---

[1] Section 9 (2) (c) of Act No. 130, *supra,* as amended in 1946 recites: "...Upon the issuance of an arbitration award, the Board may give advice at the request of any party to such award or may, if requested to do so, file in the name of the party so requesting, the proper judicial proceeding in the Supreme Court of Puerto Rico to enforce such award or arbitration." *Cf. Labor Relations Board* v. *Compañía Popular,* 69 P.R.R. 723.

named did not work; and that the Union, on behalf of the masons who did not work, asked the Company to pay them for four hours of work pursuant to the provisions of Art. I, § (d) of the collective bargaining agreement and of Mandatory Decree No. 11;[2] that on August 29, 1949, representatives of the Union and of the employer met, discussed the question in the Grievance and Adjustment Committee and, unable to reach an understanding, agreed to designate the Commissioner of Labor or the person appointed by the latter in his place, to act as the fifth member; and that the fifth member designated rendered an award granting the complaint and, this notwithstanding, the Company has refused to comply therewith. And in the latter, that on October 13, 1948, the masons working in Mr. Frank Taylor's division in the works of the Company in the Puerto Nuevo project were suspended because of lack of cement; that on October 14 the Company instructed the laborers to return on the morning of the 15th; that the workmen complied with said instructions but did not work because no cement had arrived; that the Union, on behalf of the masons who did not work, requested the Company to pay them for four hours of work pursuant to Art. I, § (d) of the collective bargaining agreement and of Mandatory Decree No. 11; that the Union and the employer met and discussed the issue but, unable to reach an understanding, decided to designate the Commissioner of Labor or the person appointed by the latter to act as the

---

[2] In subdivision (d) of Art I of the collective bargaining agreement signed by Long Construction Company and by the Union on December 10, 1947, it is set forth that the hours of work and the condition under which the laborers or persons shall be required to work, shall be as prescribed by the Government of Puerto Rico through the Minimum Wage Board, as the same appear in Mandatory Decree No. 11; and Art. 5 of the aforesaid collective bargaining agreement establishes a Grievance and Adjustment Committee composed of four members, two representing the contractor and two, the Union. And it is stated that any controversy not satisfactorily settled between the contractor and the Union, through said committee, shall be referred to the Department of Labor for a decision which shall be final and binding on the parties to the agreement.

fifth member in the case; and that the fifth member thus designated issued an award granting the complaint, the Company refusing to comply therewith.

On May 29, 1951, we entered an order in each case and upon their being served on the defendant Long Construction Company, it timely appeared filing in each case a document entitled Answer and Showing of Cause. In the document filed in case No. 29 [3] it alleges that the only reason why the workers mentioned by the petitioner did not work on the day in question was the lack of cement, which was nowise due to any act on its part, and which in its judgment is force majeure under Art. 5 of Mandatory Decree No. 11;[4] that the agreement submitting to arbitration was expressly conditioned on the fact that the arbitrator decided according to the facts and law applicable to the case; that its attitude in connection with the award issued is not contrary to the public policy of the People of Puerto Rico, and that it does not have to abide by and comply with the award issued because it is null and void on the following grounds: (1) because the submission was expressly subjected to the condition that the arbitrator would decide in accordance with the facts and law, while it claims that the award issued is contrary thereto; (2) because the Board, the Union and/or the workmen are guilty of laches, inasmuch as notwithstanding that

---

[3] The Answer and Showing of Cause filed in case No. 30 is quite similar to the one filed in No. 29, wherefore we need not set it forth.

[4] Art. 5 of Mandatory Decree No. 11 reads as follows:

"Except in cases out of the employer's control, the employee shall be entitled to receive a minimum compensation equivalent to the salary corresponding to four hours of his work, if for any cause beyond his control, any of the following situations occurs: (a) when his employer fails to notify the employee at or before the end of his previous work period not to report to work the next day and the employee reports to duty at the usual time and site of work, but it is not possible or he is not permitted to resume his work; or (b) when his work period is suspended before the lapse of the first four hours.

"In any one of said situations, the employer may keep the employee during the said four hours either waiting for the opportunity to resume his work or performing another task similar to the one he has been doing."

the award was issued February 14, 1950, and that it declared on March 7 following that it would not comply therewith, the petition was not filed in this Court until May 25, 1951, there having been no just cause for the delay in bringing the action; that the arbitrator's decision is uncertain, inaccurate and confused, to the extent that it neither decides the issue of force majeure nor anything in connection with the reinstatement of the workmen; and that the petition fails to state facts sufficient to constitute a cause of action.

■ We have thoroughly read the respective arbitration awards involved herein and the applicable law and decisions and in our judgment the questions raised by the defendant are groundless. We shall see:

In the award issued in case No. 29 the fifth member sets forth the following:

"The undersigned Fifth Member deems, after an intensive pondering while the present complaint has been under his consideration, that the cement which had been dispatched by Ponce Cement Corporation on May 30, 1949, and consigned to Long Construction Company started to arrive in the evening of that same day, as held by Mr. Eugenio Landráu, witness for the workmen, during his testimony. He also understands that said cement had neither been received nor distributed by the employees of the Company to the different Division Superintendents until the next day. The workmen should not be blamed for the failure of the employees of the Company to receive or accept cement until a few minutes after seven in the morning. The trucks loaded with cement being at the entrance of Caparra Heights Urbanization, that is, within property belonging to Long Construction Company, we see no reason whatsoever why the cement was not received and equitably distributed among all the divisions of the Company. If, as claimed by the representatives of the employer, Mr. Emilio Molina had gone over the houses the previous day and was able to collect approximately 100 bags of cement, which were not sufficient to provide work for all the masons but only for 60 of them, why was one of the cement trucks which had arrived not sent to the place where the masons were? We can not punish the workers, petitioners herein, for a lack of insight of the Company."

It clearly appears from the foregoing that in the opinion of the fifth member not only there was no force majeure, but also that there was no just cause for the lack of available cement in the morning of May 30, 1949.[5]

A letter dated September 23, 1949, addressed to the Commissioner of Labor by two Union members and by counsel for the Company is also included in the award. Textually copied, it reads:[6]

"September 23, 1949

"Hon. Fernando S. Berdecía
Commissioner of Labor
San Juan, Puerto Rico

"Sir:

"The Grievance and Adjustment Committee of the Long Construction project met on August 29, 1949, to discuss the case regarding the suspension of a group of masons.

"The Grievance and Adjustment Committee unable to reach an agreement, both parties decided by mutual consent, to designate you or the person designated by you to act as the fifth mem-

---

[5] In the award issued in case No. 30 the fifth member asks himself whether there was any force majeure clearing the defendant from liability, and specifically answers the question in the negative.

[6] In case No. 30 a letter dated March 14, 1949, addressed by two Union members and by Luis Mongil on behalf of the defendant, is included in the arbitration award. Said letter, copied verbatim, reads:

"March 14, 1949

"Hon. Fernando S. Berdecía
Commissioner of Labor
San Juan, Puerto Rico

"Dear Mr. Berdecía:

"This is to inform you that the Grievance and Adjustment Committee of the Long Construction met on March 10, 1949, to discuss several cases regarding the laborers employed in the Puerto Nuevo project.

"Unable to reach an understanding, both parties agreed by mutual consent to designate you, or the person designated by you to act as the fifth member in the cases enclosed herewith.

"Very truly yours,

BY THE COMPANY                    BY THE UNION
    (Signed) *Luis Mongil*            (Signed) *Adolfo Martínez*
                                               (*Sec.*)
                                      (Signed) *Juan Sáez Corales.*"

ber in this case, to decide the instant case in accordance with the facts and law.

"We enclose herewith a copy of the aforesaid case.

"Very truly yours,

BY THE COMPANY:                    BY THE UNION:
   *Mariano Canales*                    *Cruz Román*
                                  *Adolfo Matrínez"*

Although the context of the letter of submission and arbitration copied above is ambiguous, it can be inferred therefrom that the parties intended not only that the facts involved be determined but also that the law be applied to their respective rights. As to the latter, our examination of the question does not convince us that the award issued in case No. 29 is contrary to law. See *Labor Relations Board* v. *N. Y. & P. R. S.S. Co.*, 69 P.R.R. 730, 746; *Labor Relations Board* v. *Compañía Popular*, 69 P.R.R. 723.

██ The defense of laches does not lie either because such defense should not prosper when a statute of limitations for the action is fixed by law. *F. Rodríguez Hnos. & Co.* v. *Aboy*, 66 P.R.R. 498, 511; *Vidal* v. *Monagas*, 66 P.R.R. 588, 606. Where awards in favor of the workmen are issued and not complied with, the workmen are entitled individually or collectively to sue the defendant for unpaid wages. The term of prescription for this type of actions is 15 years. Section 1864 of the Civil Code, 1930 ed. Pursuant to the provisions of Act No. 130, *supra*, upon resorting to this Court requesting that the awards be enforced, the Board merely appeared in behalf of the workmen and for their benefit. If the latter had a 15-year period to bring their personal action, given the manner in which the action is brought, the period must be the same. Both cases were filed prior to the expiration of the statute of limitations.[7]

---

[7] In case No. 29 the award was issued on February 14, 1950, and the Board filed its petition in this Court on May 25, 1951.

In case No. 30 the award was rendered on July 5, 1949, and the petition was filed in this Court on May 25, 1951.

■ We do not consider the awards uncertain, inaccurate or confused. On the contrary, we think that they decide emphatically and specifically the only question submitted to the fifth member, to wit: are the workmen involved in each case entitled or not to collect for four hours of May 31, 1949 (case No. 29) and for four hours of October 15, 1948 (case No. 30)? The arbitrator had nothing to decide in connection with the reinstatement of the workmen, since that question was not of his incumbency; and he decided the issue of laches as we have already indicated.

■ In case No. 30 it is alleged as an additional ground that the award rendered is null and void because the arbitrator delegated either in whole or in part his functions upon deciding the question of law submitted to him. Of course, if there was such delegation the award could clearly be void. *Labor Relations Board* v. *Compañía Popular, supra.* However, there was no such delegation here. From the very award issued July 5, 1949, it appears that the workmen submitted in evidence and for the consideration of the fifth member the letter addressed on December 16, 1948, by the representatives of the Union to Mr. Ramón Cancio, Chief of the Legal Division of the Department of Labor, in which after informing the latter that a group of workmen had been suspended because of lack of cement, and told by the Company to report again to work next day, they ask him whether those workmen were entitled to collect the four hours stipulated in Decree No. 11 or whether on the contrary that constituted force majeure; as well as another letter dated February 17, 1949, addressed by Mr. Cancio to the persons who signed the former letter, informing them that the aforesaid workmen are entitled to be paid for the four hours of work provided in Art. 5 of Mandatory Decree No. 11. In connection with those letters and upon making an analysis of the question, the award reads thus:

"As to the opinion delivered by Mr. Ramón Augusto Can-

cio, Chief of the Legal Division of the Department of Labor, we fail to see any reason inducing the Fifth Member, to reject it, inasmuch as we consider that it includes the facts submitted by the workmen, and whatever the Union might have omitted upon submitting the question is not of such a nature as to alter the outcome of the instant complaint."

Nevertheless, in his decision the fifth member makes no reference to Mr. Cancio's letter and there is nothing in the award showing that his decision was based thereon or on the views set forth therein. On the contrary, the award shows that it was based on the personal views of the fifth member.

Finally, after reading said petitions we are convinced that they state facts constituting a cause of action.

For the foregoing reasons the petitions filed in these cases will be granted and judgments entered in the following terms:

(1) In case No. 29, ordering the defendant Long Construction Company to pay to each one of the workmen involved therein the amount corresponding to four hours of work during May 31, 1949; and

(2) In case No. 30, ordering the defendant Long Construction Company to pay to each one of the workmen involved therein the amount corresponding to four hours of work during October 15, 1948.